MARGARET C. PATERSON *et al. vs.* ZONING BOARD OF REVIEW OF THE TOWN OF EAST PROVIDENCE.

JULY 23, 1953.

PRESENT: Flynn, C. J., Baker, Condon and O'Connell, JJ.

O'Connell, J. This petition for certiorari was brought by certain remonstrants to have this court review a decision of the zoning board of review of the town of East Providence granting an application for an exception or variance under the zoning ordinance of that town. Pursuant to the writ the pertinent records have been certified by the respondent board.

The record shows that Arthur F. McQuade, referred to as the applicant, jointly with others was seized and possessed of certain real estate in said town which is described as lots numbered 167, 265, 270, 316, 317 and 370 on assessor's plat 61. He filed an application to use said lots, which were located in a residential A district, for the erection of a grocery and market building and for a parking area. While the application does not refer to the particular provision or regulation of the zoning ordinance under which the applicant was seeking permission to use the lots, it clearly appears from the language of the board's decision that it granted an exception under sec. 15 b (3) of the zoning ordinance which reads as follows:

> "b. Special exceptions. When in its judgment the public convenience and welfare will be substantially served and the appropriate use of neighboring property will not be substantially or permanently injured, the Zoning Board of Review may in a specific case, after public notice and hearing and subject to appropriate conditions and safeguards, authorize special exceptions to the regulations herein established as follows: * * * (3) Permit the extension of a nonconforming use or building *upon the lot occupied by such use or building*

at the time of the passage of this Ordinance." (italics ours)

It further appears from the transcript of testimony that counsel for the applicant, counsel for remonstrants, and the town solicitor of East Providence all agreed that the application was based on the above section. In fact counsel for the applicant stated to the board: "What he is asking in this petition is extension of a nonconforming use which still exists and it existed long before the ordinance was passed, and incidentally, of course, going to tear down old garage and unsightly buildings that are there and extend the use of the grocery and market."

According to the evidence, lot 265 on plat 61 is subject to a nonconforming use as a grocery and market and lot 167 on the same plat is subject to a nonconforming use as a garage. The applicant proposed to tear down the garage building and thus eliminate that nonconforming use. He also agreed to tear down the present market building and apartment above, if requested to do so by the board, upon the granting of permission to erect the new market building and to use the remainder of the six lots for parking purposes as appurtenant thereto.

After an extended hearing the board rendered a decision granting permission to erect a building to be used as a grocery and market with parking area on *all* six lots referred to above. The petitioners contend that the action of the board in granting the exception was arbitrary and illegal and a clear abuse of its discretion. They also contend that such action constituted an attempt by the board to legislate and to enter into a field restricted to the town council. They point out that although the application was based upon the provisions of sec. 15 b (3) which permit the extension of a nonconforming use or building *upon the lot occupied by such use or building* at the time of the passage of the ordinance, the relief granted was far greater than that authorized under such section.

In the instant case the applicant did not ask to *extend* his

nonconforming use of the grocery building on lot 265 merely to enable him to occupy all of said lot. Nor did he seek an exception to permit him to extend the present nonconforming use of the garage on lot 167 so as to occupy all of that lot. On the contrary he asked for and was given permission by the zoning board *to erect a new market and grocery building,* entirely separate and not attached to the old building, with a large parking area extending to all the six lots of land including the four lots where no nonconforming use or building now exists.

The old grocery and market building was located entirely on lot 265. The new building thus authorized by the board would be erected partly on lot 265, but would extend over on to a portion of adjoining lots 270 and 167. No such authority is conferred upon the board under sec. 15 b (3), nor under sec. 15 b (4). Moreover, in our opinion the record furnishes no basis for the action of the board by reason of the authority conferred upon it under "Section 5A. Special Permit Uses," as counsel for the board appears to argue.

While it is true that the power to grant exceptions is broad, yet its exercise is not without some limitations. It cannot exceed the authority conferred by the terms of the ordinance. The action of the board here is not so much to approve limited extension of an existing nonconforming use as it is to permit several lots zoned for residential purposes to be used for the establishment virtually of a new business including a parking area that is now nonexistent. In our opinion the board misconceived the true purpose and intent of the statute and pertinent ordinance in relation to its power to grant such exception. The action of the board is clearly so extensive in effect as to amount to amending the ordinance under the guise of granting an exception for a substantial change in the zoning line.

The petition for certiorari is granted, the decision of the respondent board is reversed, and the records in the case

which have been certified to this court are ordered sent back to the respondent board.

*James J. McAleer*, for petitioners.

*Stephen F. Mullen*, Town Solicitor, *Earl B. Arnold*, for respondent.